## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DESTRICK SIMMONS, #76569**                                                 **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 3:17CV446-DCB-LRA**

**SGT. JONATHAN MOORE, ET AL**                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This case is before the undersigned United States Magistrate Judge for report and recommendation on two dispositive motions. First, Defendant Sergeant Erica Moore filed a Motion to Dismiss [33], contending that she is the wrong "Officer Moore" served with process in this case. The correct "Officer Moore" is Sergeant Jonathan Moore, who has filed an Answer [22]. Plaintiff Destrick Simmons does not object to dismissing Sergeant Erica Moore, and her motion should be granted.

Both Defendants Sergeant Jonathan Moore and Deputy Damien Bell filed a "Motion to Dismiss or Grant Summary Judgment for Plaintiff's Lack of Grievance Filed" [37], asking that they be dismissed. Simmons objects to the relief sought. After reviewing the pleadings and the applicable law, the undersigned recommends that the motion be granted.

The moving Defendants assert that the claims of Plaintiff Simmons filed pursuant to 42 U.S.C. §1983 should be dismissed due to his failure to exhaust his remedies that were available to him through the grievance procedures at the Jackson Detention Center, which is a part of the Hinds County Detention Center [HCDC]. Simmons was housed at

the downtown center on or about October 28, 2016, on a bench warrant for misdemeanor child support.  On that date, he alleges that he was assaulted by these Defendants because they thought he had a cigarette.  They punched and kicked him in the face, according to Simmons, leaving him with a split lip, black eye, and bruised forehead and upper body.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Simmons failed to exhaust his administrative remedies.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."  *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010).  The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden."  *Beck v. Tex. St. Board of Dental Exam'rs*, 304 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Allen v. Rapides Parish Sch. Bd.*, 304 F.3d 619, 621 (5th Cir. 2000).

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

2

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The United States Supreme Court reiterated in *Ross v. Blake,* 136 S.Ct. 1850, 1856-57 (2016), that exhaustion is mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account." Judicial discretion is foreclosed. *Id*. "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate." *Id.*, *citations omitted*.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive

the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam).

As evidence of Plaintiff's non-exhaustion, Defendants have attached the Hinds County Sheriff's Office's Policy #07.002, entitled "Grievances," as well as the Affidavit of Keneshia Jones [37-1], the Grievance Officer of the Hinds County Detention Facility for the past four years. She is in charge of maintaining the grievance forms of inmates. She alleges that Destrick Simmons filed only one grievance while housed in Hinds County, and it was dated February 27, 2017, and received by her on March 1, 2017 [37-1, p. 3]. In this grievance, Simmons asks to be reclassified and complains about gang members in the zone. No mention is made of an assault on him by officers. Ms. Jones attached to her affidavit the grievance policy which was in place when Simmons was incarcerated [37-1, pp. 4-6]. Defendants erroneously refer in their memoranda to 28 C.F.R. §§ 542.10-542.19, which contains the four-step administrative remedies process for the Federal Bureau of Prisons. This procedure is inapplicable to those inmates housed at any state prison, either county jails or a Mississippi Department of Corrections facility. However, Defendants correctly attach the controlling "Detention Policies & Procedures" for the Hinds County Sheriff's Office [37-1].

In his Complaint, Simmons contends that he did file a grievance on this matter, giving it to Deputy Mitchell in the Hinds County Jail. When asked the result of his grievance, Simmons wrote that he "was moved by Warden Rushing because I was not supposed to have been housed with felony suspects." Complaint [1, p. 10]. When asked what steps he took to appeal the decision, he wrote "I was moved so was unable to

4

complete the process. But exercised good faith in the procedure." Complaint [1, p. 10]. He provided no details, but apparently alleges that he did not receive an answer.

In response to Defendants' motion, Plaintiff wrote that Ms. Jones worked for the Hinds County Detention Center, not for the downtown detention center. According to Simmons, he filed his grievance downtown, and that center has "all records and a grievance on the incidents and report on what happened." [39, p. 1]. He continued:

> Contact: Warden Ms. Rushing, Captain Ms. Dawson, Lt. Ms. Williams, and medical staff which was working at that time and year of 2016 October through day 26-29. Which I got move to the county farm ... until I went home November 14, 2016 from county farm joint facility.

[39, p. 2].

Defendants filed their reply, contending that the Hinds County Sheriff's Office is over all of its Hinds County Detention Centers. Accordingly, Ms. Jones's search for grievances would include the downtown facility. Her affidavit applies to all grievances filed by an inmate in any Hinds County detention facility.

Although Simmons asserts that he submitted a grievance regarding this incident to a "Deputy Mitchell," he does not provide a copy of the grievance or provide any sworn evidence that he gave the grievance to Deputy Mitchell or otherwise followed the procedures set forth in the policy. He could have followed up on his grievance while housed in other facilities or filed a new grievance at the next facility. For whatever reason, no grievance was filed with the proper grievance officer, Keneshia Jones, and Simmons did not provide Hinds County or these Defendants with an opportunity to

5

address his claims.  He has not filed an affidavit detailing his efforts to exhaust the Hinds County grievances policies or the substance of his grievance.

Under the applicable law, Plaintiff's conclusory allegations that his grievances were not answered are insufficient to evade the exhaustion requirement.  *See Kidd v. Livingston,* No. 11-40492, 463 Fed. App's 311, 313 (5th Cir. 2012), *cert. denied,* 133 S.Ct. 36 (2012) (conclusory assertion that prison officials never returned a processed grievance form did not create a genuine dispute as to plaintiff's exhaustion of his grievance); *Howe v. Livingston,* No. 9:11cv162, 2012 WL 4127621 (E.D. Tex. Sept. 17, 2012) (vague and conclusory assertion that his grievances "disappeared or were never answered" do not excuse exhaustion); *Willich v. Brownlow,* 2010 WL 297844, at *6 (E.D. Tex. Jan. 19, 2010) (rejecting conclusory allegation of inability to exhaust).  If an inmate does not receive a timely response, he should proceed to the next level in the exhaustion process because both steps are required.  *See Veloz v. New York,* 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming).

The case of *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015) is also controlling in Simmons's case.  The plaintiff argued that the prison's failure to respond to his grievances excused his non-exhaustion, and that is partially Simmons's position herein.  The Fifth Circuit clearly rejected that stance, finding that a prison's failure to respond at preliminary steps in its grievance process does not relieve a prisoner of the duty to

complete the remaining steps. *Id.* It is not enough to simply claim the grievance was never responded to, particularly in light of the fact that he did know how to utilize the grievance system and was obviously familiar with how the process works.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant. Although Simmons contends that he has exhausted, because he claims to have submitted a grievance to Deputy Mitchell, "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004). *See also, Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp*, 325 F.3d 572, 577 (5th Cir. 2003)) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.")

In this case, Defendants have provided substantial evidence indicating Simmons was acquainted with filing a grievance. The grievance officer gave sworn testimony that no grievances were received and processed regarding an assault in October 2016. Plaintiff's only rebuttal is his unsupported allegation that he did submit a grievance and that he never received a response. The Court finds he has failed to rebut Defendants' evidence, and summary judgment should be entered.

For these reasons, the undersigned recommends that Sergeant Erica Moore's Motion to Dismiss [33] be granted as unopposed, and that she be finally dismissed with

prejudice.  Defendants Sergeant Jonathan Moore and Deputy Damien Bell's "Motion to Dismiss or Grant Summary Judgment for Plaintiff's Lack of Grievance Filed" [37] should be **granted** and Plaintiff's Complaint dismissed without prejudice.  Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of August 2018.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE